IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLEN and ANGELINA LIZANETZ, Individually and as Next Friends of Their Minor Children, A.L. and L.L. | § § § § | |
| Plaintiffs, | § § | NO. 3-07-CV-0123-BD |
| VS. | § § | |
| ST. PAUL GUARDIAN INSURANCE COMPANY | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Defendant St. Paul Guardian Insurance Company ("St. Paul") has filed a motion for summary judgment in this civil action brought by Plaintiffs Glen and Angelina Lizanetz and their two children seeking uninsured motorist ("UM") benefits under a standard Texas commercial liability policy. As grounds for its motion, St. Paul contends that: (1) plaintiffs failed to provide prompt notice of the automobile accident and their subsequent lawsuit against the uninsured motorist; and (2) Angelina and the Lizanetz children did not suffer "bodily injuries" as a result of the accident. The issues have been fully briefed by the parties and the motion is ripe for determination.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A movant who bears the burden of proof at trial must establish "beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). By contrast, a party seeking summary judgment who does not have the burden of proof at

trial need only point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Once the movant meets its initial burden, the non-movant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

On September 1, 2000, plaintiffs were involved in a motor vehicle accident with a gravel truck operated by James Parker. (*See* Plf. MSJ Resp. App., Exh. I at 4). The truck was owned by Manuel Gonzales d/b/a R&M Trucking ("R&M") and insured by Legion Indemnity Company ("Legion"). (*Id.*). More than a year later, on December 4, 2001, plaintiffs sued Parker, Gonzales, and R&M in Texas state court. (Def. MSJ App. Exh. G at 75-79). Unbeknownst to plaintiffs, R&M had filed for bankruptcy before the lawsuit was filed. (*Id.*, Exh. D at 56-57). Legion, who had admitted liability, went into receivership and was declared insolvent during the pendency of the state court action. (Plf. MSJ Resp. App., Exhs. E & H).[1] On October 4, 2004, each member of the Lizanetz family obtained a $1 million judgment against Parker and Gonzales. (Def. MSJ App., Exh. I at 89-90). Five months after the state court action was resolved by final judgment, Glen Lizanetz called his insurance company, St. Paul, to advise that the family would be seeking UM benefits under their policy. (*Id.*, Exh. J at 67-68, RFA #20).[2] Written notice of the UM claim was submitted to St. Paul on April 19, 2005. (*Id.*, Exh. J at 68, RFA #21). Although St. Paul never formally denied the

---

[1] Before Legion went into receivership, it settled plaintiffs' property damage claim for $21,174.49. (*See* Plf. MSJ Resp. App., Exh. G).

[2] At the time of the accident, the Lizanetz family was insured under a commercial general liability policy issued by St. Paul to Family Systems, Inc. d/b/a Primrose School of Highlands, a business venture owned and operated by Angelina Lizanetz. (*See* Def. MSJ App., Exh. B at 20).

claim, it has refused to pay UM benefits because, *inter alia*, plaintiffs failed to provide "prompt notice" of the automobile accident and their subsequent lawsuit against Parker and Gonzales. (*See* Def. MSJ Br. at 10, 12).

The St. Paul policy provides, in pertinent part:

> a. In the event of **accident**, claim, **suit** or **loss**, you must give us or our authorized representative prompt notice of the **accident** or **loss**. If we show that your failure to provide notice prejudices our defense, there is no liability under the policy. Include:
>
> > (1) How, when and where the **accident** or **loss** occurred;
> >
> > (2) The **insured's** name and address; and
> >
> > (3) To the extent possible, the names and addresses of any injured persons and witnesses.
>
> b. Additionally, you and any other involved **insured** must:
>
> \* \* \* \*
>
> > (2) Immediately send us copies of any demand, notice, summons or legal paper received concerning the claim or **suit**.

(Def. MSJ App., Exh. B at 26-27) (emphasis in original). The UM endorsement also requires the insured to "promptly send [ ] copies of the legal papers if suit is brought[.]" (*Id.*, Exh. B. at 39). These notice requirements are material terms of the insurance contract. *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636 (Tex. 2008) (suggesting that timely notice provision creates a covenant rather than a condition precedent to recovery under the policy).

In a sworn affidavit, Glen Lizanetz states that he notified James P. Hopkins, a St. Paul agent, of the accident a few days after it occurred. (Plf. MSJ Resp. App., Exh. C at 1, ¶ 3). Hopkins confirms that he was contacted by the Lizanetz family in September 2000, at which time he was told about the accident and that plaintiffs were pursuing a claim against the trucking company and its

driver. (*Id.*, Exh. B at 1, ¶ 3).³ Although St. Paul disputes that plaintiffs gave prompt notice of the accident, accusing both Lizanetz and Hopkins of making "false statements" in their affidavits, (*see* Def. Reply Br. at 2-3, ¶¶ 2.01 & 3.02), the court is unable to resolve this credibility issue on summary judgment.

Plaintiffs admit that they did not immediately send St. Paul a copy of their legal papers when they filed suit against Parker, Gonzales, and R&M. (*See* Def. MSJ App., Exh. F at 69, RFA #29). However, even if such failure breached a material term of the policy and the UM endorsement,⁴ St. Paul has failed to demonstrate prejudice. Under Texas law, which provides the rule of decision in this diversity case, an insurer must prove prejudice to avoid coverage because of untimely notice. *See PAJ*, 243 S.W.3d at 636-37. Whether an insurer has been prejudiced by delayed notice is generally a question of fact. *See Coastal Refining & Marketing, Inc. v. U.S. Fidelity and Guaranty Co.*, 218 S.W.3d 279, 284 (Tex. App.--Houston [14 Dist.] 2007, pet. denied); *St. Paul Guardian Ins. Co. v. Centrum G.S. Ltd.*, 383 F.Supp.2d 891, 902 (N.D. Tex. 2003) (applying Texas law). Here, St. Paul offers a multitude of reasons why it was prejudiced by plaintiffs' failure to provide timely notice of the *accident*. (*See* Def. MSJ Br. at 16-21, ¶¶ 4.27-4.45 & Def. MSJ App., Exh. N at 129-32). However, the court has determined that there is a fact issue as to whether plaintiffs gave St.

---

³ St. Paul objects to the Hopkins affidavit on the dual grounds that it was not produced during discovery and fails to specify the basis upon which it is made. (*See* Def. Reply Br. at 5, ¶ 3.10). Not surprisingly, no authority is cited to support either objection. Plaintiffs could not have produced the affidavit before filing their summary judgment response because it was not executed by Hopkins until March 6, 2008--the same day the response was filed. Moreover, plaintiffs identified Hopkins in response to several discovery requests as the St. Paul agent who was notified of the accident in September 2000. (*See, e.g.* Def. MSJ App., Exh. A. at 10, Exh. F at 67-68, Resp. # 20, Exh. P at 143, Resp. # 3). The Hopkins affidavit is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated therein. (*See* Plf. MSJ Resp. App., Exh. B, ¶ 1). No further specificity is required by the federal rules. *See* FED. R. CIV. P. 56(e)(1).

⁴ The court notes that plaintiffs did not have a UM claim until Legion, the liability insurance carrier for Gonzales and R&M, became insolvent in April 2003. *See United Services Automobile Ass'n v. Hestilow*, 754 S.W.2d 754, 759 (Tex.App.--San Antonio 1988), *aff'd*, 777 S.W.2d 378 (Tex. 1989) (UM coverage applies when the tortfeasor carries no liability insurance or when liability coverage is no longer available due to insolvency of the carrier).

Paul, through its authorized agent, prompt notice of the accident and their claim against the responsible parties. With respect to plaintiffs' failure to promptly send a copy of their *legal papers* to the insurance company after suit was filed, the only examples of prejudice cited by St. Paul are:

- Upon notice of the suit, St. Paul could have assisted the Lizanetz family and then sought subrogation. (*See* Def. MSJ App., Exh. N at 129, ¶ 18.C);

- If St. Paul would have received notice of the suit, it would have intervened to assist plaintiffs in capturing a financial recovery from Legion. (*See id.* at 130, ¶ 18.M);

- It is St. Paul's ordinary business practice to investigate the solvency of all parties involved in the claim and possible litigation. Upon such, St. Paul is able to determine whether other provisions of the policy will become effective, such as the UM endorsement. (*See id.* at 132, ¶ 21).

These speculative and conclusory assertions are insufficient to establish prejudice as matter of law. *See Days Inn Worldwide, Inc. v. Sonia Investments*, No. 3-04-CV-2278-D, 2006 WL 3103912 at *13 (N.D. Tex. Nov. 2, 2006) (conclusory assertions in summary judgment affidavit are insufficient to establish "beyond peradventure" the elements of an affirmative defense). Consequently, St. Paul is not entitled to summary judgment on its notice defense.

The court reaches a different conclusion with respect to the claims asserted by Angelina Lizantez and the two children who, by their own admission, sustained no physical injuries as a result of the accident. Instead, Angelina and the children suffered only "emotional trauma." (*See* Def. MSJ App., Exh. K at 106-07, ¶¶ 19-21). Under the UM provision of the policy, St. Paul is obligated to pay:

> damages which an **insured** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by an **insured**, or **property damage** caused by an accident.

(*Id.*, Exh. B at 37) (emphasis in original). The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person including death resulting from any of these." (*Id.*, Exh. B at 29). In *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819 (Tex. 1997), the Texas Supreme Court held that the term "bodily injury," which was defined by the policy as "bodily harm, sickness or disease," does not include purely emotional injuries. Instead, the term "unambiguously requires an injury to the physical structure of the human body." *Cowan*, 945 S.W.2d at 823. *Cf. Haralson v. State Farm Mutual Auto. Ins. Co.*, ___ F.Supp.2d ___, 2008 WL 2651387 at *7 (N.D. Tex. Jul. 8, 2008) (Kaplan, J.) (holding that physical manifestations of emotional distress, such as headaches, migraines, stomachaches, and nausea, constitute "bodily injury" in the insurance context). Because Angelina and the Lizanetz children do not allege, much less prove, that their emotional trauma was accompanied by physical symptoms, their damages are not covered by the St. Paul policy.

## CONCLUSION

St. Paul's motion for summary judgment [Doc. #99] is granted in part and denied in part. The motion is granted with respect to the claims of Angelina Lizanetz and the Lizanetz children. In all other respects, the motion is denied.

SO ORDERED.

DATED: July 18, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE