IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLEN and ANGELINA LIZANETZ, Individually and as Next Friends of Their Minor Children, A.L. and L.L. | § § § § | |
| Plaintiffs, | § § | NO. 3-07-CV-0123-BD |
| VS. | § § | |
| ST. PAUL GUARDIAN INSURANCE COMPANY | § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Plaintiffs and defendant have filed various motions to exclude the testimony of each other's experts in this civil action seeking uninsured motorist benefits under a standard Texas commercial liability policy. At issue is the testimony of three mental health professionals--Patricia Lowrimore, M.D., Donald Hafer, Ph.D., and Frederick Gary Mears, Psy.D., Ph.D., MS--and one economist--Kenneth McCoin, Ph.D. After considering the written submissions of the parties, including the reports submitted by the experts, the court determines that none of the expert witnesses are so unqualified that their testimony should be excluded. Nor is the methodology of any expert so unreliable as to require the exclusion of his or her testimony.

In making this ruling, the court is mindful that "the rejection of expert testimony is the exception rather than the rule." *See* FED. R. EVID. 702, adv. comm. notes (2000). *Daubert* did not work a seachange over federal evidence law, and "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." *See id., quoting United States v. 14.38 Acres of Land, More or Less, Situated in Leflore County, Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996).

Even after *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 2798, 125 L.Ed.2d 469 (1993); *see also In re Paoli Railroad Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994), *cert. denied*, 115 S.Ct. 1253 (1995) ("The grounds for the expert's opinion merely have to be good, they do not have to be perfect."). Where, as here, qualified mental health professionals disagree as to whether and to what extent a plaintiff has suffered cognitive impairments as a result of injuries sustained in an accident, the "battle of experts" should be resolved by a jury, not by the court. The same is true for expert testimony regarding economic damages.

For these reasons, the motions to exclude expert testimony [Docs. # 113, 116, 125, 139] are denied.

SO ORDERED.

DATED: November 10, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE